UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED O'MEARA, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>                v.<br><br>SHIFT4 PAYMENTS, INC., JARED ISAACMAN, NANCY DISMAN, and BRADLEY HERRING,<br><br>                Defendants. | Case No.  5:23-cv-03206-JFL |
| ROBERT BAER, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>              v.<br><br>SHIFT4 PAYMENTS, INC., JARED ISAACMAN, NANCY DISMAN, and BRADLEY HERRING,<br><br>                Defendants. | Case No.  5:23-cv-03969-JFL |

**O P I N I O N**
**Robert Baer's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Co-Lead Counsel, ECF No. 14 – Granted**

**Joseph F. Leeson, Jr.**                                                                           **November 3, 2023**
**United States District Judge**

### I.    INTRODUCTION

This matter is a securities class action lawsuit.  It is presently before the Court on Robert

Baer's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of

Co-Lead Counsel. *See* Mot., No. 5:23-cv-3969 at ECF No. 14. No other plaintiff seeks to be lead plaintiff. For the reasons that follow, the Court grants the Motion in its entirety.

## II.     BACKGROUND

The following factual allegations are taken from the Complaint docketed at 5:23-cv-3206, *see* ECF No. 1, ("O'Meara Compl.") and the Complaint docketed at 5:23-cv-3969, *see* ECF No. 1, ("Baer Compl.").

Shift4 Payments, Inc. ("Shift4") is a company which provides software and payment processing solutions. O'Meara Compl. ¶ 2, Baer Compl. ¶ 2. Shift4's corporate leaders include Defendants Jared Isaacman (Chief Executive Officer), Nancy Disman (Chief Financial Officer since August 5, 2022), and Bradley Herring (Chief Financial Officer prior to August 5, 2022). O'Meara Compl. ¶¶ 17-19, Baer Compl. ¶¶ 18-20. In the third quarter of 2022, Shift4 completed its "mass strategic buyout program." O'Meara Compl. ¶ 3, Baer Compl. ¶ 3. The program was an effort to insource its sales distribution network. O'Meara Compl. ¶ 3, Baer Compl. ¶ 3. However, O'Meara and Baer allege that, in the wake of the program, a series of accounting maneuvers presented an inaccurate picture of Shift4's financial performance. O'Meara Compl. ¶ 54, Baer Compl. ¶ 60.

This came to light on October 21, 2022, when Shift4 filed a report with the SEC disclosing that a number of its prior financial statements could no longer be relied upon because of a material weakness in its financial controls. O'Meara Compl. ¶ 43, Baer Compl. ¶ 61. Specifically, the issue arose out of treating customer acquisition costs as cash used in investing activities as opposed to operating activities. O'Meara Compl. ¶ 43, Baer Compl. ¶ 61. The revised statements presented a significant decrease in net cash provided by operating activities. O'Meara Compl. ¶ 43, Baer Compl. ¶ 61. As a result, Shift4's stock price fell 2.67%. O'Meara Compl. ¶ 44, Baer Compl. ¶ 62.

Additionally, Shift4 is not a "member bank" and is thus "not eligible for primary membership in certain payment networks."  O'Meara Compl. ¶ 25, Baer Compl. ¶ 28.  To gain access to them, Shift4 utilizes a sponsor bank.  O'Meara Compl. ¶ 25, Baer Compl. ¶ 28.  The sponsor bank agreement requires that Shift4 deposit significant funds with the sponsor bank to cover overdraft obligations.  O'Meara Compl. ¶ 25, Baer Compl. ¶ 28.  Sometime before the fourth quarter of 2022 ended, Shift4 withdrew the entire deposit while claiming the maneuver was part of negotiations for lower collateral requirements.  O'Meara Compl. ¶ 59, Baer Compl. ¶ 79.  However, Shift4 reported the withdrawal as an addition to its operating cash flow.  O'Meara Compl. ¶ 59, Baer Compl. ¶ 79.  On April 19, 2023, Blue Orca Capital issued a report, in part, detailing this maneuver.  O'Meara Compl. ¶ 55, Baer Compl. ¶ 75.  On this news, Shift4's stock price fell 8.68%.  O'Meara Compl. ¶ 60, Baer Compl. ¶ 80.

On August 18, 2023, Alfred O'Meara filed the instant Complaint, docketed at 5:23-cv-3206, bringing a securities class action on behalf of those who purchased Shift4 securities between November 10, 2021, and April 18, 2023.  On October 13, 2023, Robert Baer filed the instant Complaint, subject to consolidation, which is docketed at 5:23-cv-3969 and brings a securities class action on behalf of those who purchased Shift4 securities between June 5, 2020, and April 18, 2023.

Presently before the Court is Robert Baer's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Co-Lead Counsel.  *See* Mot., ECF. No. 14.  In that Motion, Baer seeks: 1) to consolidate the above captioned actions; 2) appointment as lead plaintiff on behalf of a class consisting of persons and entities who purchased Shift4 securities between June 5, 2020, and April 18, 2023; and 3) approval of Pomerantz LLP and The Schall

Firm as Co-Lead Counsel for the Class. For the reasons that follow the Motion is granted in its entirety.

## III.   LEGAL STANDARDS

### A.   Motion to Consolidate

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The rule "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). "Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible." *Easterday v. Federated Mut. Ins. Co.*, No. CIV.A. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).

### B.   Private Securities Litigation Reform Act Procedure

#### 1.   Notice

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a detailed procedure for initiating and maintaining a securities class action lawsuit. After a class action complaint is filed and after motions for consolidation are resolved, the District Court is tasked with selecting a lead plaintiff. 15 U.S.C.A. § 78u-4(a)(3)(B)(ii). That selection occurs after notice of the suit is published to the purported class. Section 78u-4(a)(3)(A) of the PSLRA outlines the notification procedure. In pertinent part, that section provides:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--

110323

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*Id*. § 78u-4(a)(3)(A)(I)-(II).

### 2. Selection of Lead Plaintiff

"Not later than 90 days after the date on which a notice is published . . . the court shall consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id*. § 78u-4(a)(3)(B)(i). The PSLRA "establishes a two-step process for appointing a lead plaintiff: the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig*., 264 F.3d 201, 262 (3d Cir. 2001).

A rebuttable presumption of "most adequate plaintiff" is established where an individual: "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In this context, Rule 23 requires only that the prospective lead plaintiff have claims that are 'typical of the claims ... of the class' and be able to 'fairly and adequately protect the interests of the class.'" *Strougo v. Unisys Corp*., No. CV 22-4529, 2023 WL 4140822 at *2 (E.D. Pa. June 22, 2023) (quoting Fed. R. Civ. P. 23(a)(3), (4)). Once the presumption has been established, "[i]f no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *In re Cendant Corp. Litig*., 264 F.3d at 268.

### 3. Approval of Counsel

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C.A. § 78u-4(a)(3)(B)(v). "Though 'the lead plaintiff's right to select and retain counsel is not absolute' the court should defer to the lead plaintiff's selection so long as that selection is reasonable." *Strougo*, 2023 WL 4140822, at *2 (quoting *In re Cendant Corp. Litig.*, 264 F.3d at 273-76) (internal citation omitted). "In assessing the chosen counsel, courts should consider, among other things, 'the qualifications and experience of counsel' and the lead plaintiff's 'legal experience and sophistication.'" *Id.*

## IV.  ANALYSIS

### A.  Motion to Consolidate

The Motion seeks to consolidate the actions docketed at 5:23-cv-3206 and 5:23-cv-3969 ("Related Actions"). The Court finds consolidation appropriate as the Related Actions concern common question of law and fact. Each action asserts violations of Sections 10(b) and 20(A) of the Securities Exchange Act of 1934 against Shift4. The Related Actions are also premised on the same wrongdoing and will thus turn on common questions of law and fact–namely, the propriety of Shift4's financial statements and omissions. *See Reid v. Hemispherx Biopharma, Inc.*, No. CV 09-5262, 2010 WL 11707722 at *2 (E.D. Pa. Feb. 12, 2010) (consolidating securities class actions based on identical legal claims and substantially similar class periods.) Further, maintaining separate actions will waste judicial resources. Accordingly, the Court consolidates the Related Actions.

### B.  Private Securities Litigation Reform Act Procedure

#### 1. Notice

The Court is satisfied with the class notice. As an exhibit to the instant Motion, Baer has attached a copy of the published notice. *See* Mot., Ex. B. It is an August 20, 2023, Globe

Newswire posting wherein Pomerantz LLP announced the filing of the instant class action and apprised the purported class of the nature of the suit as well as the purported class period. The notice also notified shareholders of the opportunity to serve as lead plaintiff. Having found notice sufficient, the Court turns to the task of selecting the lead plaintiff.

### 2. Selection of Lead Plaintiff

The only motion for appointment of lead plaintiff received by the Court was filed by Robert Baer on October 19, 2023. *See* Mot. Having reviewed the Motion, the Court finds that Baer satisfies the statute's rebuttable presumption framework. He filed the original complaint in the matter docketed with this Court at 5:23-cv-3969 which was consolidated *supra*. He also has the largest financial interest in the matter. Baer purchased 160 shares of Shift4 stock during the class period, spending $13,039 and losing $2,677. *See id.*, Ex. A.

Baer also satisfies Rule 23's typicality and fairness/adequacy requirements. Baer's claims are typical of the class in that his financial interest was harmed by the alleged false or misleading statements concerning Shift4's finances. Thus, his claims are typical such that in pursuing his claims, he will advance the interests of the class. *See* Fed. R. Civ. P. 23(a)(3) (requiring that "the claims or defenses of the representative parties are typical of the claims or defenses of the class.") The Court also finds that Baer will fairly and adequately represent the interests of the class. He is a sophisticated investor. He holds a Master's degree in Business Management from John Hopkins University and has been investing in securities markets for over 45 years. *See* Mot., Dec. Baer ¶ 2. Further, for the reasons noted *infra*, he has retained adequate counsel to assist in prosecuting his claims.

### 3. Approval of Co-Lead Counsel

Finally, the Court also approves of Baer's choice of counsel. Pomerantz LLP has a wealth of experience in class action securities litigation. *See id.*, Ex. E. Pomerantz has been at

the forefront of securities litigation in this country and has achieved numerous sizeable settlements for its clients.  The Court also approves of the Schall Law Firm as co-counsel.  Per the firm's representations to the Court, the Schall Firm has been at the forefront of securities litigation and recovered significant sums for its clients as well.  *See id.*, Ex. F.

## V.     CONCLUSION

The Court finds that consolidation is appropriate and in the interest of judicial economy because the Related Actions concern common question of law and fact.  Consistent with the standards set forth in the PSLRA, the Court also finds that Baer should be appointed lead plaintiff in the instant matter.  Finally, for the reasons outlined *supra*, the Court approves of Baer's choice of co-lead counsel.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge